IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

NORMAN EDWARD ELMER,

        Plaintiff,

v.                                    Case No. 14-4123-RDR

KATHRYN H. VRATIL;
ERIC H. HOLDER JR.,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, brings this action against Kathryn H. Vratil, United States District Judge for the District of Kansas; and Eric H. Holder, Attorney General for the United States.[1] Plaintiff asserts constitutional torts against the defendants regarding his conviction, sentence and incarceration arising from a 2009 conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250. This matter is presently before the court upon defendants' motion to dismiss.

I.

In 2008, plaintiff entered a guilty plea to violating § 2250. He was sentenced on March 12, 2009 to a term of incarceration of 18 months and 5 years of supervised release. He filed the instant

---

[1] At the time plaintiff filed this action, Eric Holder was the Attorney General.  Since that time, Loretta E. Lynch has been sworn in as the Attorney General of the United States.

1

action on December 3, 2014. In his complaint, he raises claims against AG Holder and Judge Vratil. His claims against AG Holder arise from his prosecution and conviction under § 2250. He alleges that his prior sex offender offense occurred in 1981 before the passage of the Sex Offender and Registration and Notification Act (SORNA), 18 U.S.C. § 2250. Based upon the Supreme Court's decision on January 23, 2012, in Reynolds v. United States, 132 S.Ct. 975 (2012)(SORNA's registration requirements do not apply to sex offenders convicted before the Act became law until the United States Attorney General so specifies), he contends that he was unlawfully convicted through representations made by Assistant United States Attorney Kim I. Martin.

His claims against Judge Vratil also arise from his conviction in her court. He alleges that, while serving his term of incarceration for the § 2250 conviction, inmates at his institution learned of an order issued by Judge Vratil in which she denied a motion to dismiss he had filed. In that order, Judge Vratil identified his prior sex offender offense to be against an underage girl. He contends that inmates severely beat and injured him after they learned of the contents of that order. He also indicates that he sought relief from his conviction based upon Reynolds in Judge Vratil's court, but she denied him relief. For the alleged injuries inmates caused by the inmates, and for his conviction and sentence,

2

plaintiff seeks damages from Judge Vratil and AG Holder in the amount of $2,658,920.00.

II.

In their motion, defendants contend that plaintiff's claims must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. They begin by suggesting that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Defendant Vratil further argues that plaintiff's claims against her are barred by sovereign immunity or absolute judicial immunity. Defendant Holder contends plaintiff's claims against him are barred by sovereign immunity, legislative immunity, prosecutorial immunity or qualified immunity. In the alternative, he suggests that they fail to state a claim upon which relief can be granted.

Following the filing of the defendants' motion, plaintiff filed a two-page response in which he (1) asked the court to look over the case which led to his conviction under § 2250, United States v. Elmer, No. 08-20033-01-KHV; (2) thought he only had to register as a sex offender for three years when he was released from prison in 1991 for his prior sex offender offense; and (3) indicated he did not care about receiving any money for his claims, but only wished to clear up his registration requirements so he can go back to his home and family in New York.

III.

A <u>pro se</u> complaint is held to a less stringent standard then other complaints, but all parties must adhere to applicable procedural rules.  See <u>Kay v. Bemis</u>, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the plaintiff must state a claim upon which relief may be granted, i.e., the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1175 (10th Cir. 1997). In addition, a <u>pro se</u> plaintiff bears the burden of establishing that the court has subject matter jurisdiction.

Based upon plaintiff's recent response, the court must conclude that he has either abandoned his claims for damages against the defendants or tacitly conceded that this court lacks jurisdiction to award the damages he sought in his complaint.  In either case, plaintiff has presented no argument that the court has jurisdiction to award damages against a federal judge or the Attorney General of the United States based upon the claims he has alleged.

In reaching this conclusion, the court has also considered the legal arguments offered by plaintiff in his complaint.  Contrary to argument offered by plaintiff, there is little question here that

4

most of plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." See Heck, 512 U.S. at 487. Even if plaintiff's analysis of Reynolds is correct, his 2009 conviction and sentence has not been set aside by any court and the principles of Heck would require the dismissal of this case. The court did examine plaintiff's case before Judge Vratil. Contrary to what plaintiff has stated in his pleadings, he has not challenged his conviction and sentence in that case. He did seek the appointment of counsel to file a motion under 28 U.S.C. § 2255, but after that motion was denied, he made no effort to challenge his conviction and sentence under § 2255. To the extent that other claims are asserted by plaintiff, they are barred by sovereign immunity, judicial immunity and prosecutorial immunity.

As correctly pointed out by the defendants, this court lacks authority to address plaintiff's remaining request for relief, i.e., that his registration requirements under SORNA be "cleared up." This court has no authority to invalidate or reverse the decision

5

reached by Judge Vratil in his underlying criminal case.  His challenge to his conviction and sentence must be brought in the district court which presided over the criminal case.  See Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011).  In sum, the court must dismiss this action for lack of subject matter jurisdiction.

   **IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 16) be hereby granted.  This action is dismissed for lack of subject matter jurisdiction.

   **IT IS SO ORDERED.**

   Dated this 4th day of May, 2015, at Topeka, Kansas.


                              s/RICHARD D. ROGERS
                              Richard D. Rogers
                              United States District Judge